EDWARDS, Judge.
The plaintiff, Hosey Leggett, appeals a judgment in his favor, awarding him $8,115 together with judicial interest and costs, for damages received in an automobile accident which occurred on January 19, 1988. Mr. Leggett argues that the jury’s award is insufficient. After a thorough review of the record, we affirm.
The plaintiff was involved in four automobile accidents over a three year period of time. Following each of these accidents, the plaintiff complained of, and sought treatment for neck and back injuries. The plaintiff filed suit after three of these accidents, seeking to recover damages for his neck and back injuries. Two of these lawsuits were settled out of court. The third is presently before us and the issue is whether the jury erred by awarding insufficient damages and in refusing to award certain items of damage to the plaintiff.
When there is a jury, the jury is the trier of fact. Scott v. Hospital Service District No. 1 of the Parish of St. Charles, 496 So.2d 270 (La.1986). In this case, the jury was faced with the question of whether Mr. Leggett was injured in the January 19, 1988 accident, and if so, how much of Mr. Leggett’s injuries were caused by the January 19, 1988 accident. Evidence of Mr. Leggett’s injuries was presented by medical experts from each side. There was much conflict in this testimony, partially due to the fact that the plaintiff did not give all of his treating physicians accurate information regarding his involvement in other accidents. (For example, Mr. Leg-gett sought treatment from Dr. Kilroy in April, 1988, only three months after the January accident, for neck and back pain associated with the October, 1986 accident, and he failed to inform Dr. Kilroy about the January, 1988 accident.) Furthermore, Mr. Leggett’s symptoms were often inconsistent with the medical findings, and one physician testified by deposition that Mr. Leggett was “quite theatrical during the examination” and likened his behavior to a “Laurel and Hardy” act.
Based on its assessment of the evidence, the jury awarded Mr. Leggett a total of $8,115 for physical pain and suffering, past medical expenses and loss of wages. The jury declined to award any amount for future medical expenses, loss of earning capacity and mental pain and suffering. On appeal, the plaintiff alleges that the jury committed legal error in refusing to award certain items of damage, while finding that Mr. Leggett suffered physical injury. There is no merit to this argument. The plaintiff was involved in four separate accidents, and claimed to have sustained different injuries in each of these accidents. Furthermore, as we have stated, the record is replete with contradictory evidence from which the jury first had to determine the credibility and the reliability of the witnesses in determining the extent of Mr. Leg-gett’s injuries.
When findings are based on determinations regarding the credibility of witnesses, we give great deference to the trier of fact’s findings since its credibility and reliability determinations are made with the benefit of observing a witness’s demeanor and tone of voice. See: Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In this case, the jury made a determination that Mr. Leggett injured his neck and back in the January 19, 1988 accident, and that the extent of these injuries warranted an award of $8,115. Based on our review of the record, we find that the jury made reasonable evaluations of credibility and reasonable inferences of fact, which we will not disturb. Accordingly, the judgment of the trial court is affirmed. Plaintiff is assessed costs of this appeal.
AFFIRMED.