889 So.2d 1232 (2004)
Sandra Joyce BIRDSONG and Jimmy Ray Birdsong, Plaintiffs-Appellants,
v.
HIRSCH MEMORIAL COLISEUM and Feld Entertainment, Inc. (Ringling Brothers), Defendants-Appellees.
No. 39,101-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
*1233 Joey W. Hendrix, for Appellants.
Lunn, Irion, Salley, Carlisle & Gardner by Ronald E. Raney, Shreveport, for Appellee, Hirsch Memorial Coliseum.
David Palay, Lake Charles, for Appellee, Feld Entertainment, Inc.
Before GASKINS, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
This is a slip and fall case that occurred at the conclusion of a large entertainment event held at the defendant's arena. The defendant tested the plaintiffs' ability to prove their case through a motion for summary judgment. The plaintiffs' opposition showed circumstantially that the large wet area where the accident occurred was caused either by the presence of condensation on the floor due to the cold conditions for the ice rink used for the event or from spillage of drinks sold during the program. The defendant admitted that it conducted no inspection or cleaning procedures for the floors during the event. The trial court granted the defendant's motion for summary judgment, and we now reverse finding genuine issues of material fact regarding the defendant's alleged negligence.

Facts
On March 5, 2000, Sandra Birdsong, her granddaughter and some friends attended a "Disney On Ice" production at Hirsch Memorial Coliseum ("Hirsch"). Birdsong was seated in an upper level row, and at the conclusion of the hour-and-a-half program, she and her granddaughter descended the concrete steps while heading toward the exit. When Birdsong reached the bottom step, she slipped on something wet, fell, and injured her head, elbow and leg.
Birdsong and her husband sued Hirsch and the promoter, Feld Entertainment. Feld filed a cross-claim against the State Fair of Louisiana ("the Fair"),[1] Hirsch, citing an agreement between them for the Fair to be responsible for keeping the arena safe from hazards.
The plaintiffs subsequently amended their petition charging Hirsch with failing to apply paint on the steps that would not become slippery when wet and alleging the presence of hazardous condensation on the floor during ice skating events. The *1234 amended petition also alleges Hirsch's failure to warn patrons of such hazardous conditions.
Hirsch then moved for summary judgment, arguing that plaintiffs could not satisfy their burden of proving Hirsch's negligence. Hirsch asserted that the accident happened shortly after the ice show was over and that no witnesses could establish the origin, duration or cause of the spill.
The discovery depositions and affidavits filed by Hirsch and the plaintiffs in their opposition reveal the following facts. At the conclusion of the show, Birdsong waited as most of the audience exited down the stairs ahead of her. In her deposition, Lorrie Fortson, Birdsong's friend, described the condition of the bottom of the stairs where the accident occurred as an area which "had gotten wet and a bunch of people had walked over it with dirty shoes." This condition was confirmed by a third party, who further stated that no puddle of liquid was present. He described the whole area around Birdsong as wet with a clear liquid.
Plaintiffs introduced Fortson's affidavit stating that when she left her seat at intermission, the floor and steps were wet. Hirsch disputed this statement because Fortson's deposition showed that she did not "remember going anywhere" during intermission.
The concession stands sold beverages to patrons during the event. Hirsch's motion for summary judgment included the affidavit of Samuel Giordano, the general manager of the Louisiana State Fair, describing cleaning and inspection operations at the arena:
Affiant shows that cleaning operations are performed both before and after each performance of these types of events. Cleaning efforts are not provided during the shows, for several reasons  these include the fact that the facility is dark at that time, but is mainly due to the fact that any such operations would be a distraction to the show during its performance, and thus objectionable by the promoter and by the audience.
Finally, through Fortson's affidavit and the affidavit of Tom Oster, the plaintiffs also assert that at "other events at the Hirsch Coliseum when ice is laid down ... the floor becomes wet for no apparent reason." Oster based his assertion of this condition of the building upon his attendance of numerous ice events as a security officer for Hirsch.
Following argument, the trial court granted Hirsch's motion for summary judgment without written reasons. This appeal followed.

Discussion
Appellate review of a grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The mover has the burden of establishing the absence of a genuine issue of material fact. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to *1235 produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence which could satisfy his evidentiary burden at trial.
In Row v. Pierremont Plaza, L.L.C., 35,796 (La.App.2d Cir.4/3/02), 814 So.2d 124, writ denied, 02-1262 (La.8/30/02), 823 So.2d 952, this court reviewed the summary judgment requirement of Article 966(C)(2) for "factual support sufficient to establish" that the party with the burden of proof "will be able to satisfy his evidentiary burden of proof at trial." That test asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 131, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
The evidence presented by plaintiffs circumstantially suggests the possibility of two causes for the wet surface condition of the area where the slip and fall occurred. First, Fortson's and Oster's observations of dampness on the floor during other ice events indicate that condensate from humid conditions in the building may have formed on the cool concrete surface near the ice rink. If this is true, the application of Civil Code Article 2317.1[2] would govern the resolution of plaintiffs' claim because of an alleged defect in the premises involving an unreasonable risk of harm. Under Article 2317.1 and the source article, Article 2317, Hirsch's duty would involve the care of a thing in its custody. Because of the abolishment of strict liability, plaintiffs would be required to show that Hirsch knew of the problem with condensation or "in the exercise of reasonable care" should have known of the defective condition.
On the other hand, as with other slip and fall cases, the hazardous condition may be one that is considered as "on the premises" instead of "in the premises." Such condition results from a spill of something onto the floor. In this case, while spillage was also a possible cause of the slick surface, no employee of Hirsch is accused of having spilled the liquid, and the evidence circumstantially suggests that another member of the audience caused the spill.
In Holden v. Louisiana State University Medical Center-Shreveport, 29,268 (La.App.2d 2/28/97), 690 So.2d 958, writ denied, 97-0797 (La.5/1/97), 693 So.2d 730, we reviewed Louisiana's negligence law for slip and falls in public places where a member of the public is the most likely source of a substance spilled on the floor. Though the special merchant statute, La. R.S. 9:2800.6, was inapplicable for the hospital/defendant in Holden, we concluded that in merchant and non-merchant settings alike, the following applies:
In the absence of proof that the hazardous spill was caused by the defendant's own actions, the duty to keep the premises in a safe condition must be shown to have been breached by some proof of an inadequate inspection procedure. From our review of the slip and fall cases, the burden of producing such evidence is *1236 now clearly back on the plaintiff in the storekeeper/merchant context, and it was never removed from the plaintiff's burden in the non-merchant setting such as this case.
Id. at 964.
La. R.S. 9:2800.6(A) defines the merchant's duty as follows:
A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
Whether or not Hirsch will be determined to be a merchant because of the selling of food and drinks on the premises, a similar duty of care to its patrons existed in this case. As discussed in Holden, the inspections of the premises should be commensurate with the risks involved in the business operations.
Additionally, the concept of constructive notice set forth in La. R.S. 9:2800.6(C)(1) as addressed by our supreme court in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, is included in the plaintiffs' burden of proof. Whether the condition exists for a sufficient length of time for a merchant to discover it is necessarily a question of fact, but a claimant who simply shows that the condition exists, without the additional showing that it existed for some time before the fall does not carry the burden of proving constructive notice required by the statute. Id. at 1084. Though the time period need not be specific in minutes or hours, constructive notice requires that claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden. Id. at 1084, 1085. In Crawford v. Ryan's Family Steak Houses, Inc., 31,911 (La.App.2d Cir.5/5/99), 741 So.2d 96, this court concluded that the applicable rules of evidence allow for proof of this statutory temporal element by both direct and circumstantial evidence.
Again, whether or not the merchant statute technically will apply in this case, a temporal factor will be included in the plaintiffs' burden of proof to demonstrate that any spillage which may have caused the accident had remained on the floor for an unreasonable amount of time. In this regard, as cited in Holden:
It is the proof of lack of inspection which raises the inference that the storekeeper was negligent in failing to discover and correct the hazard within a reasonable time.
Holden, supra at 963, citing Judge Lemmon's dissent in Gonzales v. Winn-Dixie Louisiana, Inc., 309 So.2d 697, 705 (La.App. 4th Cir.1975).
From our review of the circumstantial evidence presented by plaintiffs, we do not find that Hirsch demonstrated an absence of sufficient factual support for the plaintiffs' claims so that the plaintiffs will be unable to prevail at trial. There is a material issue of fact concerning the existence of a condensation problem in the arena during ice events. This was asserted only by the lay observations of two persons who had attended many prior events. Yet, it was not disputed in any manner by Hirsch. The general dampness of the large area surrounding the place of the fall corroborates this possible cause of the accident. While more evidence of a scientific nature with expert witness explanations may better establish or rebut this alleged defect in the premises, the plaintiffs' factual support of this claim of a defective premises under Civil Code Article 2317.1 creates a genuine issue of material fact.
Second, Hirsch's admission of no inspection and cleaning procedure during the program is a significant fact. As indicated *1237 above, this raises an inference that a possible spill by an audience member had remained on the floor for such a period of time that it should have been discovered and removed by Hirsch. The present evidence regarding children in the audience, the sale of soft drinks, and the intermission during the program does not allow the court, at this point in the proceedings, to declare as a matter of law that Hirsch had no duty regarding inspection for spills and cleaning during the program. We simply decide that there are genuine issues of material fact that require the trier-of-fact to determine whether Hirsch breached its duty of reasonable care under these circumstances.

Conclusion
Due to the existence of genuine issues of material fact, the motion for summary judgment is reversed. Costs of appeal are assessed to appellee.
REVERSED.
GASKINS, J., concurs with reasons.
GASKINS, J., concurring.
I agree with the writer that the granting of summary judgment must be reversed. I likewise agree that there still remains a material issue of fact regarding the allegations of condensation during ice events.
I do not agree that there is a material issue of fact regarding the allegation of a spilled drink on the auditorium walkway. To be successful in this theory, there either must be an affirmative duty in shows like these to inspect and clean auditorium walkways during the show and/or intermission time, or the plaintiff must show the defendants knew about the spill. Legally, I do not think there is a duty on defendants to clean auditorium walkways during the show without having knowledge of debris or a spill. (Defendants submitted uncontroverted evidence that the walkways are cleaned prior to and after the shows.) If there is no duty to inspect during the show, then the plaintiff must prove, to defeat the summary judgment motion, that the defendant knew of the spill. She was given an opportunity to make this showing, and failed. The summary judgment was providently granted under this theory so that further litigation on the spill allegation should not be permitted.
NOTES
[1] The answer to the plaintiffs' petition was filed in the name of Hirsch Memorial Coliseum. Neither the petition nor the answer identify the nature of the Hirsch entity. There is no answer to the cross-claim from the State Fair of Louisiana. The nature of that entity and its relationship, if any, with Hirsch is unexplained.
[2] La. C.C. art. 2317.1 provides in pertinent part: The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.