733 So.2d 1188 (1999)
Henry KENNEDY
v.
WAL-MART STORES, INC.
No. 98-C-1939.
Supreme Court of Louisiana.
April 13, 1999.
*1189 Vicki C. Warner, Nancy N. Butcher, Richard G. Barham, Barham & Warner, Shreveport, for Applicant.
Curtis R. Harrington, Natchitoches, for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to determine whether the lower courts erred in finding plaintiff met his burden of proof under La. R.S. 9:2800.6. After reviewing the record, we conclude the plaintiff failed to meet his burden of proof under the statute, and accordingly, we reverse the judgments below.

FACTS AND PROCEDURAL HISTORY
On the evening of September 15, 1994, plaintiff, Henry Kennedy, was shopping in a Wal-Mart store located in Natchitoches, Louisiana. Plaintiff selected two cans of peanuts from a display near the back of the store, then proceeded toward the cash registers, located in the front of the store, to pay for his purchase. When plaintiff was within three or four feet of the check-out lanes, he allegedly slipped in what appeared to be a puddle of water and fell onto his right shoulder.
Plaintiff subsequently filed suit against Wal-Mart Stores, Inc. ("Wal-Mart"). At a trial before the bench, plaintiff testified that it was raining on the evening of the accident. Although he had not seen any water on the floor before he fell, plaintiff stated that after he got to his feet, he discovered the right leg of his pants was "soaking wet" with a non-sticky substance which he presumed to be water. Plaintiff testified that the checkout area was within view of a customer service podium, and plaintiff "thought" one of the cashiers should have been able to see whatever was on the floor before he fell.
The only other witness called at trial was Schuyler Wayne Davis, Sr., a manager of the Natchitoches Wal-Mart. Mr. Davis testified as to Wal-Mart's inspection procedures, including routine sweeping and mopping of the store. He stated that a maintenance crew conducts random spot checks at 11 a.m., 2 p.m., and 7 p.m., while all associates look for potential safety hazards during once-hourly "zone defense" checks.
At the conclusion of trial, the trial court rendered judgment in favor of plaintiff and against Wal-Mart, finding that Wal-Mart had constructive notice of the puddle.[1] *1190 The court awarded plaintiff $23,000 in general damages, plus documented special damages.
Wal-Mart appealed, contending that the trial court committed legal error in finding plaintiff met his burden of proof under La. R.S. 9:2800.6, as interpreted in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. In support, it argued plaintiff failed to prove that the condition "existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1).
The court of appeal affirmed.[2] In its opinion, the court of appeal found that, under the facts of the instant case, the analysis set forth in White "will not lead to a different conclusion than that found by the trial court."
Upon Wal-Mart's application, we granted certiorari to consider the correctness of this ruling.[3]

DISCUSSION
In a slip and fall case, the plaintiff's burden of proof is set forth in La. R.S. 9:2800.6. Although the statute was later amended, at the time of the instant accident, it provided in relevant part as follows:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
In White, we found that subsection (B)(2) of the statute clearly and unambiguously requires proof by plaintiff that the merchant either created the condition causing the damage or, prior to the occurrence, had actual or constructive notice of the condition. Moreover, we noted that in subsection (C)(1) of the statute, the legislature has set forth a clear and unambiguous definition of the term "constructive notice":
There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of *1191 some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
White, 97-0393 at pp. 4-5, 699 So.2d at 1084-85 [emphasis added; footnote omitted].
In the instant case, plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening in question. However, plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition. Because plaintiff failed to prove an essential element of his cause of action under La. R.S. 9:2800.6, the trial court committed legal error in allowing plaintiff to recover, and the court of appeal erred in affirming this judgment. Accordingly, we must reverse.

DECREE
For the foregoing reasons, the judgment of the court of appeal affirming the judgment of the trial court is reversed. Judgment is hereby rendered in favor of defendant, Wal-Mart Stores, Inc., dismissing the suit of plaintiff, Henry Kennedy, with prejudice. All costs in this court are assessed against plaintiff.
JOHNSON, J., dissents.
NOTES
[*] Knoll, J., not on panel. Rule IV, Part II, § 3.
[1] In the trial court's reasons for judgment, it stated:

In the case at bar this plaintiff has proved constructive, if not actual, notice on the part of the defendant. When Mr. Kennedy got up from the floor his clothing was wet thus indicating more than a small spot of dampness. It was also raining that day. Since the customer service manager and the cashier were within a few feet of where Mr. Kennedy fell and it was raining that day, they knew or should have known that wet footed customers were likely to create a hazard. They certainly were in a better position to know than Mr. Kennedy, and they clearly had a good close-up look at the area where he fell before he arrived there.... [T]he court accepts the facts as testified to by the plaintiff's witnesses and finds that the plaintiff has made a prima facie case of constructive notice.
[2] Kennedy v. Wal-Mart Stores, Inc., 98-270 (La.App. 3d Cir.6/17/98), 715 So.2d 593.
[3] Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.11/6/98), 726 So.2d 913.