739 So.2d 251 (1999)
Ardie Stephenson WARD, Plaintiff-Appellant,
v.
ITT SPECIALTY RISK SERVICES, INC. Defendant-Appellee.
No. 31,990-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
Rehearing Denied August 12, 1999.
*252 Bobby L. Culpepper, Jonesboro, Counsel for Appellant.
Hudson, Potts & Bernstein by Gordon L. James, Mark J. Neal, Monroe, Counsel for Appellee.
Before GASKINS, CARAWAY and DREW, JJ.
GASKINS, Judge.
The plaintiff, Ardie Stephenson Ward, appeals from a jury verdict rejecting her claim for personal injury damages arising from a slip and fall accident in a Ruston grocery store. For the following reasons, we affirm.

FACTS
On March 4, 1995, at approximately 11:30 a.m., the plaintiff, Ardie Stephenson Ward, and her daughter, Billie Tinsley, met at the Super One Food Store in Ruston to do their routine grocery shopping. It had been raining that morning. As they entered the store, Ms. Tinsley got a shopping cart for herself and one for her mother. As the plaintiff reached for her shopping cart, she slipped and fell in some water that had accumulated near the carts.
The store manager, Stephen Gilpin, was standing approximately 15 feet away from the plaintiff when the accident occurred. He talked with the plaintiff immediately after the accident and filled out an accident report. He stated that the plaintiff complained of neck and shoulder pain at that time.
The plaintiff filed suit on January 6, 1996.[1] She claimed that at the time of the accident there were no signs in the store indicating that the floor was wet. She asserted that as a result of the accident, she suffered a broken coccyx (tail bone) as well as pain in her lower back, hip and foot. She also complained that she suffered a torn rotator cuff in her shoulder that required surgery and that she had pain in her neck. She further contended that her fall aggravated a preexisting cystocele and rectocele. She maintained that because of her injuries, she can no longer walk long distances. She is also unable to do yard work, garden, vacuum, mop, or make beds. She sought to recover for *253 past and future medical expenses as well as for pain and suffering.
The matter was tried before a twelve-person jury on March 31, 1998. The jury returned an 11-1 verdict finding that the plaintiff did not prove by a preponderance of the evidence that Super One failed to exercise reasonable care under the circumstances. On April 21, 1998, the trial court signed a verdict in favor of Brookshire Grocery Company and Super One, dismissing the plaintiff's claims. The plaintiff appealed the trial court judgment.
On appeal the plaintiff claims that the jury erred in finding that she did not carry her burden of proving by a preponderance of the evidence that the defendant failed to exercise reasonable care under the circumstances. According to the plaintiff, on the morning of the accident, there had been some rainfall. The defendant used only wet floor signs and three extra mats placed in the general area of the front entrance to deal with the rain. However, the plaintiff's daughter disputes whether any warning signs were in place at the time of the accident. The plaintiff objects to the fact that no effort was made to wipe excess water from the grocery carts being returned from the outside. She also argues that no records were introduced to show routine checking and/or mopping of the entrance. She claims that the accident report simply shows that there was a lapse of 39 minutes between the last check of the floor and the plaintiff's fall. Therefore, she claims that Super One failed to exercise reasonable care in keeping its floors reasonably safe as required by La. R.S. 9:2800.6.

LEGAL PRINCIPLES
The law in effect at the time of this March 4, 1995 accident was the prior version of La. R.S. 9:2800.6 which stated:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322 or 2695.[2]
In White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the Louisiana Supreme Court stated that, in addition to proving all other elements of the cause of action, the claimant must prove each of the enumerated requirements of *254 La. R.S. 9:2800.6(B). Therefore, in order for the plaintiff to recover in the present case, she had the burden of proving that a condition presenting an unreasonable risk of harm existed and that the risk of harm was reasonably foreseeable; that the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence; and that the merchant failed to exercise reasonable care.
These principles require merchants to exercise reasonable care to protect those who enter the store and extend to keeping the premises safe from unreasonable risks of harm and warning persons of known dangers. Leonard v. Wal-Mart Stores, Inc., 97 2154 (La.App. 1st Cir. 11/6/98), 721 So.2d 1059. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. Tanner v. Brookshire Grocery Company, 29,276 (La. App.2d Cir.4/2/97), 691 So.2d 871; Marshall v. Sam's Wholesale Warehouse, Inc., 626 So.2d 844 (La.App. 2d Cir.1993), writ denied 93-2921 (La.1/28/94), 630 So.2d 796. Nor is he liable every time an accident happens. Leonard v. Wal-Mart Stores, Inc., supra.
The merchant's duty of care requires that reasonable protective measures, including periodic inspections, are undertaken to ensure that the premises are kept free from substances that might cause a customer to fall. Stevens v. Winn-Dixie of Louisiana, 95 0435 (La. App. 1st Cir. 11/9/95), 664 So.2d 1207. Whether these measures are reasonable must be determined in light of the circumstances of each case. Holland v. Winn Dixie Louisiana, Inc., 94 2142 (La.App. 1st Cir. 6/23/95), 658 So.2d 815.
A hazardous condition is one which creates an unreasonable risk of harm to customers under the circumstances. In the context of slip and fall cases, a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition. Stockwell v. Great Atlantic & Pacific Tea Company, 583 So.2d 1186 (La.App. 1st Cir.1991).
The question of whether or not a condition presents an unreasonable risk of harm is subject to review under the manifest error standard. Thus, we must uphold the trial court's determination if we are convinced, from a review of the entirety of the record, that it has a reasonable factual basis. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362; George v. Wal-Mart Stores, Inc., 98-850 (La.App. 3d Cir.12/9/98), 722 So.2d 119.
It is the factfinder's duty to weigh credibility and to accept or reject all or part of a witness' testimony. Where there is a conflict in the testimony, reasonable evaluations of credibility should not be disturbed even if the appellate court concludes that its own factual evaluations and inferences are as reasonable as those made by the trial court. Morace v. Melvyn's Restaurant, Inc., 30,988 (La.App.2d Cir.9/23/98), 719 So.2d 139; Tanner v. Brookshire Grocery Company, supra. Where there are two permissible views of the evidence, the factfinder's choice cannot be manifestly erroneous or clearly wrong. Stobart v. State Through the Department of Transportation and Development, 617 So.2d 880 (La.1993).

DISCUSSION
It is not disputed that the plaintiff fell in a puddle of water that dripped off shopping carts and accumulated at the entrance. The plaintiff argues that this condition posed an unreasonable risk of harm and the risk was reasonably foreseeable. It is also undisputed that the defendant had actual notice of the condition that caused the damage, prior to the occurrence. This is shown by the manger's admission that he saw the water at the front of the store and called for a mop to clean it up just prior to the accident.
*255 The issue for consideration in this case is whether the plaintiff carried her burden of proving that the defendant failed to exercise reasonable care. The plaintiff argues that her daughter, Billie Tinsley, testified that she did not see any wet floor signs on the day of the accident. The plaintiff also points to the testimony of the store manager, Mr. Gilpin, who admitted seeing the water and calling for a mop. He also testified that no effort was made to get excess water off the shopping carts before bringing them into the store, and there was no record to show when the floor had been mopped before the accident. The plaintiff claims that the defendant failed to show that a regular clean up procedure was in place to deal with the rain water. The plaintiff argues that the defendant took an unreasonable and dangerous approach to the hazardous condition. Therefore, the jury was clearly wrong in finding that the defendant acted with reasonable care in this situation.
The store manager, Stephen Gilpin, testified regarding the regular procedures used by the store to keep the floors and aisles in a reasonably safe condition. According to Mr. Gilpin, personnel would walk the floor, check the condition of the floor, make sure it was clear and enter the inspection in a floor log. This procedure was employed periodically throughout the day. Mr. Gilpin stated that the area where the plaintiff fell was last inspected at 10:51 a.m. The plaintiff's accident occurred at 11:30 a.m., some 39 minutes later.
Mr. Gilpin also described the additional procedures for rainy weather which were utilized on the morning of the plaintiff's accident. He testified that three extra mats were placed in the entrance area and around the area for shopping carts to absorb water. Also, six "wet floor" signs were placed around the entry at various locations where water might accumulate. One of the signs was approximately three feet from the area where the plaintiff fell. Mr. Gilpin stated that signs were not placed directly under the shopping carts, because that was simply not practical. Mr. Gilpin stated that there was no question that there was a puddle of water on the floor where the plaintiff fell. He stated that he saw the water on the floor and had just called for an employee to mop it up when the plaintiff fell.
Ms. Tinsley, the plaintiff's daughter, testified that she did not see the water on the floor when she got shopping carts for herself and her mother. She also stated that she did not see any "wet floor" signs or any extra mats. She also stated, "I guess I'm just not looking for that." The plaintiff also denied that there were warning signs in place. However, she testified that she couldn't say for certain that the signs were not in place because she "just didn't notice."
Mr. Gilpin made photographs of the scene immediately after the accident. These photographs were admitted into evidence at trial and show that one warning sign was placed outside the entrance of the store and three signs were very conspicuously placed around the area where the shopping carts were kept. Also, three large floor mats were also placed around the area where the shopping carts were located. Therefore, it is clear that there were extra mats in place on the morning of the accident and warning signs were located nearby. The floor was mopped as needed and the store was trying to get the water cleaned up when this accident occurred. Also the store undertook measures to regularly inspect the floor and ensure that the aisles and passages were safe. It would not be unreasonable for the jury to conclude that the store took reasonable measures to ensure the safety of its patrons and that the plaintiff was simply inattentive in failing to observe the warning signs and to exercise caution for her own safety.
Several cases in the jurisprudence have considered whether a store exercised reasonable care where plaintiff's slipped and fell while entering stores during rainy *256 weather. Although each case must be considered on the facts presented, where it is shown that the store has a procedure in place to deal with extra water resulting from rainy weather and shows that the procedures were followed, a factfinder is not clearly wrong or manifestly erroneous in finding that the store exercised reasonable care. See Dawson v. Brookshire Grocery Company, 31,042 (La.App.2d Cir.9/23/98), 718 So.2d 623; Tannehill v. Brookshire Grocery Company, 588 So.2d 1282 (La.App. 2d Cir.1991), writ denied 592 So.2d 1334 (La.1992); Hall v. Kroger Company, 499 So.2d 469 (La.App. 2d Cir. 1986); Johnson v. Tayco Foods, 475 So.2d 65 (La.App. 2d Cir.1985), writ denied 478 So.2d 149 (La.1985); Stockwell v. Great Atlantic and Pacific Tea Company, supra; Crandell v. Winn-Dixie Louisiana, Inc., 580 So.2d 967 (La.App. 5th Cir.1991).
The jurisprudence also contains cases in which the store was found not to have exercised reasonable care in dealing with rainy weather and wet floors. In such cases, stores either had no procedures for dealing with rain, had inadequate procedures, and/or failed to follow their procedures. See Edwards v. Piggly Wiggly Operators Warehouse, Inc., 401 So.2d 493 (La.App. 2d Cir.1981); Barton v. Wal-Mart Stores, Inc., 97-801 (La.App. 3d Cir.12/10/97), 704 So.2d 361; Oalmann v. K-Mart Corporation, (La.App. 4th Cir. 1993), 630 So.2d 911, writ denied 94-0244 (La.3/18/94), 634 So.2d 859; Laborde v. Winn Dixie Louisiana, Inc., 563 So.2d 994 (La.App. 4th Cir.1990), writ denied 568 So.2d 1062 (La.1990).
In the present case, the defendant store had in place a regular procedure for keeping the floor clean and dry. The store was also using additional measures to deal with water present in the store due to rainy weather. The store had several extra mats at the front entrance to collect rain water. The store also placed numerous warning signs at the store entrance, in or close to areas where water might accumulate. Given the facts of this case and the testimony of the plaintiff that she did not notice the warning signs which were clearly visible as she entered the store, we do not find that the jury was clearly wrong or manifestly erroneous in finding that Super One exercised reasonable care and was therefore not liable for the plaintiff's injuries. Therefore, we must affirm the jury's verdict.

CONCLUSION
For the reasons stated above, we affirm the jury verdict and judgment in favor of the defendant, Brookshire Grocery Company, rejecting the claims of the plaintiff, Ardie Stephenson Ward. All costs in this court and in the court below are assessed to the plaintiff.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, KOSTELKA, and DREW, JJ.
Rehearing Denied.
WILLIAMS, J., would grant rehearing.
NOTES
[1] The plaintiff originally named as the defendant ITT Specialty Risk Services, Inc. She later amended the petition to substitute "Brookshire's" as the defendant. Brookshire Grocery Company answered the amended petition and has indicated in its pleadings that it does business as Super One Foods and is insured by Hartford Insurance Company.
[2] The provision was amended by Acts 1996, 1st Ex.Sess., No. 8 § 1, effective May 1, 1996. The amendment provided that the Act applied only to those causes of action arising on or after the effective date of the Act.