United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 05-30647
Summary Calendar

————————————————

SAUNDRA L ATTAWAY; KENNETH B ATTAWAY

Plaintiffs - Appellants

v.

ALBERTSONS INC

Defendant - Appellee

————————————————————————————————————————————

On Appeal from the United States District Court
for the Western District of Louisiana
No. 5:04-CV-668

————————————————————————————————————————————

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM: [*]

      Appellants Saundra Attaway ("Attaway") and her husband Kenneth Attaway challenge the district court's grant of summary judgment in favor of Appellee, Albertson's Inc. ("Albertson's"). Agreeing that Appellants have not demonstrated a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, we **AFFIRM**.

—————————————

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

The facts are undisputed. On February 16, 2003, Attaway visited Albertson's, a grocery store located in Shreveport, Louisiana. Attaway contends that as she was leaving the store, she tripped and fell on a wrinkle or fold in a floor mat and suffered significant injuries. Albertson's had placed the mat at the door because of rainy conditions earlier in the day. Attaway contends that the rug was old and tattered and would not lay flat.

The Attaways sued Albertson's for negligence in Louisiana state court seeking damages for medical expenses, lost income, and loss of consortium. Albertson's removed the case to federal court and moved for summary judgment. The district court granted Albertson's motion for summary judgment, dismissing all of Attaway's claims with prejudice. The Attaways timely appealed to this court from the district court's judgment. Pursuant to 28 U.S.C. § 1291, this court has jurisdiction to hear the appeal.

## II. DISCUSSION

A district court's grant of summary judgment is reviewed de novo, applying the same standards as the district court. Priester v. Lowndes County, 354 F.3d 414, 419 (5th Cir. 2004). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

2

any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56©); see also Celotex Corp. v. Catrett, 477 U.S. 317, 312-33, 106 S. Ct. 2548, 2552-53 (1986). On a motion for summary judgment, a court must review the facts in the light most favorable to the nonmovant. Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000).

Attaway contends that Albertsons's was negligent and created an unreasonable risk of harm by placing a worn and flimsy mat in the entranceway of the store. To prevail under a negligence action against a merchant under Louisiana law, Attaway must prove the following:

1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurance.
3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

LA. REV. STAT. § 9:2800.6(B).

To show constructive notice, the claimant must prove that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LA. REV. STAT. § 9:2800.6(C)(1). There is no bright line time period relative to the duration of the condition; however, Attaway must

3

make a "showing of some time period." Kennedy v. Wal-Mart Stores, Inc., 733 So.2d 1188, 1190-91 (La. 1999).

Based upon a careful review of the record before us, Attaway has failed to establish that the mat upon which she tripped and fell constituted a dangerous or negligent condition. Attaway admitted in her deposition that she never saw a wrinkle or fold in the mat, either before or after she fell. Furthermore, Attaway did not provide any evidence that anyone else had seen the alleged wrinkle or fold in the mat. Attaway did not produce any significant probative evidence showing that Albertson's had actual or constructive notice of the condition prior to her fall. A mat by the doors of a retail establishment is not, in and of itself, an inherently dangerous situation. Moreover, Louisiana courts have held that the failure to place mats inside an entranceway that can become slippery during a rainfall constitutes negligence. See Bergeron v. Se. La. Univ., 610 So. 2d 986, 988-89 (La. Ct. App. 1998). Attaway's evidence consisted only of speculation and conclusory statements.

The evidence fails to satisfy Attaway's burden under LA. REV. STAT. § 9:2800.6. Therefore, the district court's grant of Albertson's motion for summary judgment was proper.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

AFFIRMED.

4