951 So.2d 414 (2007)
Barbara Boeshans, Wife of/and David BOESHANS
v.
PETSMART, INC. and Royal & Sunalliance.
No. 06-CA-606.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 2007.
*415 Gary M. Pendergast, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Jeffrey K. Warwick, Attorney at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Plaintiffs, Barbara and David Boeshans, appeal a judgment of the trial court that granted a defense motion for summary judgment and dismissed all claims made by plaintiffs in this slip and fall action. We affirm.
Plaintiffs filed this lawsuit to recover damages sustained by Barbara Boeshans in a slip and fall which occurred at defendant PetsMart, a retail store located in Harvey, Louisiana. According to her testimony, Ms. Boeshans, while visiting her daughter who lives in Harvey, drove her daughter's dog, Jake, to PetsMart for grooming on a rainy day in June of 2003. When she got to PetsMart, Ms. Boeshans got out of her car and attempted to get the leash to get Jake out of the car. However, Jake bolted out of the car and ran to the door of PetsMart ahead of Ms. Boeshans. He stopped once to "tinkle" then continued into the store. Knowing that Jake was safely inside the store, Ms. Boeshans continued up to the double glass front doors. Just after entering the store she slipped and fell, breaking her arm. Ms. Boeshans testified that it was raining hard that day and that she did not have a raincoat or an umbrella. She did not recall seeing a mat on the floor, nor did she see any water on the floor. Ms. Boeshans stated that she had just gotten inside of the store when she fell and she "really wasn't in there long enough to see anything." When asked what caused her to trip, Ms. Boeshans testified that she thought it was either rainwater or urine. She testified that, "those to me would be my only choice. . . . the only thing that I would think would be there." However, Ms. Boeshans also testified that she saw neither substance on the floor. She further stated that no one told her the floor was wet.
The court also considered testimony from Keith Bryant, who was the store director for PetsMart at the time of Ms. Boeshans' fall. Although Mr. Bryant could not recall Ms. Boeshans' name, he did recall the accident which he classified as the only "major accident" at the store during his tenure. Mr. Bryant testified that he was standing near the front of the store and witnessed the accident. According to Mr. Bryant's account of the incident, Ms. Boeshans entered the store on a rainy day being forcefully pulled by her dog. Mr. Bryant testified that there was a mat inside of the store. As Ms. Boeshans came through the front door, she stepped off of the mat and was tripped by her dog. She fell hard on her right arm. The incident *416 was also witnessed by the assistant manager.
Mr. Bryant explained that there was a rubber mat, about four by six feet, at the door on this rainy day. He also stated that the store has no particular policy procedures to address rainy conditions. However, if there is a "trip hazard," cones and "wet floor" signs are placed in the area. Mr. Bryant stated that there were no cones or signs placed near the entrance at the time of Ms. Boeshans' fall because it was not wet when Ms. Boeshans came in. However, after the incident, the floor was wet where she fell.
Plaintiffs filed this timely action for damages sustained in Ms. Boeshans' fall. In due course, defendants filed a motion for summary judgment. At the hearing on the motion defendant argued successfully that plaintiff failed to show constructive notice of a dangerous condition as required by La. R.S. 9:2800.6. Plaintiffs countered that the lack of a specific policy to address wet floor conditions on rainy days is sufficient to defeat the defense motion.
The trial court granted the motion for summary judgment and dismissed plaintiffs' case after consideration of the testimony and arguments of counsel. It is from that judgment that plaintiffs appeal.
Summary judgments are now favored in the law and are to be granted when, after there remains no material issue of fact to be decided and the mover is entitled to summary judgment as a matter of law. La. C.C.P. Art. 966. The burden is with the mover. However, La. C.C.P. art. 966(2) provides that;
. . . . . . . if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Decisions as to the propriety of granting the motion must be made with reference to the substantive law applicable to the case. Mohsan v. Roule-Graham, 05-122 (La.App. 5 Cir. 6/28/05), 907 So.2d 804, writ denied, 05-1976 (La.2/3/06), 922 So.2d 1184. Under La. R.S. 9:2800.6 a plaintiff has the burden of proving that the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the incident. Oster v. Winn-Dixie, 04-117 (La.App. 5 Cir. 8/31/04), 881 So.2d 1257; writ denied, 2004-2414 (La.12/17/04) 888 So.2d 867. In a discussion of the burden of proof necessary for a cause of action pursuant to La. R.S. 9:2800.6, the Louisiana Supreme Court explained:
Because the statute is clear and unambiguous and contains no provision for shifting the burden to the defendant to prove his lack of culpability, we find that it is the plaintiffs burden to prove each element of her cause of action under La. R.S. 9:2800.6(B) (1991). Furthermore, because constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(B)(2) (1991), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence.

*417 White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1802
Our review of the trial court's grant of a motion for summary judgment is de novo. Ocean Energy v. Plaquemines Parish Gvmt., 04-0066 (La.7/6/04), 880 So.2d 1. In the matter before us plaintiff testified that she went into store and slipped. Although she supposed the slip was caused by rain water or dog urine, she admits she saw nothing on the floor. Further, the testimony of the store manager is that the floor was not wet prior to Ms. Boeshans' fall. Therefore, we find the plaintiff did not meet her burden of proof that defendant had actual or constructive notice prior to the fall that the floor was wet.
We are unconvinced by plaintiffs' argument that Mr. Bryant's testimony as to the lack of the existence of a specific policy to handle the entrance on a rainy day is sufficient to defeat defendant's motion for summary judgment. The lack of a specific plan to warn customers of a wet floor is irrelevant when there is no evidence that defendant had any notice of liquid on the floor prior to the fall. Here, plaintiffs have failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial regarding the temporal element of notice. Therefore, under the law there is no genuine issue of material fact remaining to be decided. Accordingly, find the trial court correctly granted summary judgment in favor of defendants.
For the foregoing reasons, we affirm the decision of the trial court.
AFFIRMED.