**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2012

No. 11-30946

Lyle W. Cayce
Clerk

JEAN GRAY; ROBERT GRAY,

Plaintiffs - Appellants,

v.

WAL-MART LOUISIANA, L.L.C.,

Defendant - Appellee.

Appeal from the United States District Court for the
Western District of Louisiana

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Jean and Robert Gray appeal the district court's grant of summary judgment in favor of Defendant-Appellee Wal-Mart Louisiana, L.L.C. ("Wal-Mart").  We REVERSE.

**I.**

On September 1, 2008, Jean Gray ("Gray") went to a Wal-Mart in Pineville, Louisiana.  Severe storms caused by Hurricane Gustav blanketed the Gulf region that day.  After shopping for about an hour, she slipped in a puddle

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30946

of clear liquid while pushing her cart down an aisle. Gray alleges that when she slipped, her right foot slid backwards and caused her right knee to hit the ground. Shortly after Gray's injury, Wesley Aguillard, a Wal-Mart supervisor, filled out an internal incident report that identified a hole in Wal-Mart's roof as the "source" of the puddle. Later, when he was deposed, Aguillard testified that the incident report was based not on direct knowledge but instead on an "assumption," which in turn was based on Aguillard's knowledge of other leaks in Wal-Mart's roof and the heavy rain outside.

On July 21, 2009, Gray and her husband filed suit against Wal-Mart in Louisiana state court seeking to recover damages for injuries caused by the fall. They asserted state law negligence claims, alleging that Gray slipped in a puddle of rainwater that leaked from a hole in the store's roof. Wal-Mart removed the case to federal court based on diversity jurisdiction and filed a motion for summary judgment. The district court granted Wal-Mart's motion for summary judgment on September 29, 2011, on the ground that Appellants had failed to create an issue of fact as to whether they had satisfied the standard set forth in La. Rev. Stat. Ann. § 9:2800.6(B)(2) (2012).

## II.

We review the grant of summary judgment de novo, applying the same standard used by the district court. *Hill v. Carroll Cnty., Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* (quoting *Hamilton*, 232 F.3d at 477). When

2

No. 11-30946

reviewing motions for summary judgment, we "construe all facts and inferences in the light most favorable to the non-moving party . . . ." *Hernandez v. Yellow Transp.*, 670 F.3d 644, 650 (5th Cir. 2012).

## III.

As the district court correctly noted, Appellants' claims are governed by La. Rev. Stat. Ann. § 9:2800.6(B). Subsection (2) of § 9:2800.6(B) requires that plaintiffs asserting slip-and-fall claims against a merchant prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." *See also Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 2004) ("In a slip and fall case, the plaintiff's burden of proof is set forth in . . . [§] 9:2800.6."). The district court granted summary judgment solely on the basis that Appellants could not satisfy the standard set forth in La. Rev. Stat. Ann. § 9:2800.6(B), as Appellants were unable to show that Wal-Mart created the puddle or had either actual or constructive notice of the puddle before Gray fell.

On appeal, Appellants argue that they raised a fact issue as to whether Wal-Mart "created the hazard because its own roof leaked or it had actual knowledge of the hazard because it knew its roof leaked."[1] We agree with the district court that Appellants have not created an issue of fact as to whether Wal-Mart had actual knowledge of the leak that Appellants contend caused Gray's injury.

We conclude, however, that a genuine issue of material fact exists as to whether Wal-Mart "created" the puddle that injured Gray. If a hole in Wal-Mart's roof caused the formation of the puddle that injured Gray, then Wal-Mart "created" the condition that injured Gray, and La. Rev. Stat. Ann. §

---

[1] On appeal, appellants do not argue that Wal-Mart had constructive notice of the puddle.

3

No. 11-30946

9:2800.6(B)(2) is satisfied.[2]  *Cf. Pena v. Delchamps,* 960 So.2d 988, 991-92 (La. App. 2007) (merchant "created" hazard where plaintiff had slipped on damp floor, and evidence showed that merchant had just mopped area where plaintiff had slipped); *Savoie v. Sw. Lous. Hosp. Ass'n*, 866 So.2d 1078, 1081 (La. App. 2004) (merchant "created" hazard where plaintiff had slipped on wax-like substance on floor, and merchant was responsible for cleaning floor).  Thus, this appeal boils down to whether Appellants have presented enough evidence to create an issue of fact as to whether a leak in Wal-Mart's roof created the puddle that injured Gray.  We conclude that they have.  The incident report specifically asserts that the "source" of the puddle that injured Gray was a hole in Wal-Mart's roof.  Especially since a Wal-Mart manager prepared the inculpatory report immediately after the accident, this report strongly supports Appellants' argument that Wal-Mart's roof created the puddle that caused her injury.  Wal-Mart responds only that the incident report was not based on direct knowledge: Aguillard's deposition, Wal-Mart argues, establishes that he did not know whether a leak had caused Gray's injury.  According to the deposition, Aguillard merely assumed a leak was the source of the puddles because he knew of other holes in Wal-Mart's roof.

When considered in conjunction with the incident report, Aguillard's deposition testimony does not demonstrate Wal-Mart's entitlement to summary judgment.  By asserting without qualification that a hole in Wal-Mart's roof was the source of the puddle that injured Gray, the incident report provides a strong basis for establishing that Gray has satisfied the requirements set forth in La.

---

[2]  While Wal-Mart's briefing emphasizes the requirement in La. Rev. Stat. Ann. § 9:28:00.6(B)(2) that the plaintiff provide proof that the hazardous condition existed prior to plaintiff's accident, this requirement applies to plaintiffs seeking to prove that the defendant had constructive knowledge of the hazard that caused plaintiff's injury.  *See Kennedy*, 733 So. 2d at 1190.  A plaintiff that proves that the defendant "created" the condition that injured plaintiff need not prove constructive knowledge, as the statutory requirement is disjunctive.  *See Savoie*, 866 So. 2d at 1082.  Therefore, a plaintiff relying on the defendant's creation of the hazard does not need to prove this "temporal element."

No. 11-30946

Rev. Stat. Ann. § 9:2800.6(B)(2).  The trier of fact is certainly entitled to discount the weight of this incident report based on Aguillard's subsequent deposition. But on a motion for summary judgment, we must view the evidence in the light most favorable to the non-moving party.  *Hernandez*, 670 F.3d at 650.  Viewed in that light, a self-serving, after-the-fact deposition does not negate a contemporaneous report containing admissions against the interest of the preparer.  A genuine issue of material fact therefore exists as to whether Wal-Mart created the puddle that injured Gray.[3]

## IV.

For these reasons, we REVERSE the district court's judgment and REMAND for further proceedings consistent with this opinion.

---

[3]  The district court's grant of summary judgment was based solely on  La. Rev. Stat. Ann. § 9:2800.6(B)(2).  We offer no opinion as to whether Wal-Mart is entitled to summary judgment on any other ground.  While the brief Wal-Mart submitted to this court contains two conclusory sentences arguing that the district court's ruling might be affirmed on the alternative basis that Appellants have not satisfied La. Rev. Stat. Ann. § 9:2800.6(B)(3), this argument is not sufficiently developed for us to evaluate on appeal.