# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**19-669**


RICHARD FOUNTAIN

VERSUS

WAL-MART STORES, INC. AND/OR
WAL-MART LOUISIANA, LLC


**\*\*\*\*\*\*\*\*\*\***

ON APPEAL FROM
THE NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 260,183
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JONATHAN W. PERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Van H. Kyzar, and Jonathan W. Perry, Judges.


**AFFIRMED.**

**Brian M. Caubarreaux**
**Emily Gremillion**
**Wesley K. Elmer**
**Brian Caubarreaux and Associates**
**144 W. Tunica Drive**
**Marksville, LA 71351**
**(318) 253-0900**
**COUNSEL FOR APPELLANT:**
     **Richard Fountain**


**R. O'Neal Chadwick, Jr.**
**Gregory B. Odom, II**
**Sara B. Dantzler**
**CHADWICK & ODOM, LLC**
**P. O. Box 12114**
**Alexandria, LA 71315**
**(318) 445-9899**
**COUNSEL FOR APPELLEE:**
     **WAL-MART STORES, INC. AND/OR**
     **WAL-MART LOUISIANA, LLC**

**PERRY, Judge.**

Plaintiff, Richard Fountain (hereinafter "Mr. Fountain"), appeals a summary judgment in favor of defendant, Wal-Mart Louisiana, LLC (hereinafter "Wal-Mart"), dismissing his negligence claim. For the reasons stated herein, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This case involves Mr. Fountain's slip and fall on December 3, 2016, at the Wal-Mart store on North Mall Drive in Alexandria, Louisiana. Rain was falling at the time Mr. Fountain and his wife Candice (hereinafter "the Fountains") entered the store. After the Fountains shopped for groceries for thirty to forty minutes, they proceeded to the Garden Center, looking for charcoal lighter fluid. When they could not find it, Mr. Fountain approached the cashier and asked where the lighter fluid might be found. The cashier told Mr. Fountain that the lighter fluid had been moved to the other side of the store. When Mr. Fountain turned to leave the Garden Center, he slipped and fell in a puddle of water.

On the date of the accident, Mary Jo Justice (hereinafter "Ms. Justice"), the Garden Center manager, was in the area where Mr. Fountain fell. Although she did not witness the accident, she saw Mr. Fountain lying on the ground in the interior part of the Garden Center between the registers and the entrance. She informed Tiffany Mason Melvin (hereinafter "Ms. Melvin"), an assistant manager at the Wal-Mart store, of Mr. Fountain's fall.

When Ms. Melvin arrived at the scene of the fall, she saw Mr. Fountain on the ground, approximately ten to twelve feet from the Garden Center registers and away from the entrance. According to Ms. Melvin, Mr. Fountain told her he had seen someone shake an open umbrella *in the area of the fall*. Ms. Melvin identified the puddle of water involving Mr. Fountain's fall as being in an area approximately six to eight feet in one direction and eight to ten feet in the other direction, and there

were other water drippings scattered about that area of the store. Ms. Melvin estimated that the puddle in which Mr. Fountain fell was about the size of a football and contained about a quarter to a half cup of water.

Mr. Fountain testified that the water was clear, that he had not walked in that area before the fall, and that he had not seen the water before he fell. He estimated the puddle was eight inches by a foot and a half. Although Mr. Fountain did not examine the puddle for other footprints or buggy tracks because he passed out in the fall, he did state there was a skid mark through it where his foot slipped.

According to Ms. Melvin, Mr. Fountain informed her that when he asked the unidentified woman to close her umbrella, the woman told him the umbrella was broken and could not close. Ms. Justice gave a nuanced version, stating at first that Mr. Fountain said he walked behind a woman with an opened umbrella and that she shook it *inside the store*; she then stated that Mr. Fountain told her the water in which he slipped was from this woman's umbrella. Mr. Fountain denied the assertions Ms. Melvin and Ms. Justice made about where he encountered this woman with the umbrella and further denied that it was the water from the unidentified woman's umbrella that formed the puddle where he fell. Rather, he asserted that the woman was farther inside the store when he addressed her.

Mr. Fountain filed suit against Wal-Mart. After Wal-Mart answered the suit and both parties conducted discovery, Wal-Mart moved for summary judgment. In its motion for summary judgment, Wal-Mart asserted that Mr. Fountain failed to present evidence that it created the condition responsible for his fall or that it had constructive notice of it. Mr. Fountain opposed Wal-Mart's motion for summary judgment, contending that although Wal-Mart may not have initially caused the slippery condition, it was immediately aware of the condition and failed to remedy it. The trial court granted Wal-Mart's motion for summary judgment,

2

acknowledging the almost impossible conditions for a plaintiff to prove actual and constructive notice in suits against merchants for falls on their premises and the favored position of summary judgment.

Mr. Fountain devolutively appeals, urging two assignments of error. He contends that the trial court erred: (1) when it granted Wal-Mart's motion for summary judgment on liability where the evidence presented in opposition to the motion revealed that genuine issues of material fact exist regarding Wal-Mart's actual and constructive notice of the water on the floor, the amount of time the water was present on the floor, and its failure to follow its own policies and procedures which led to the existence of and failure to remedy the condition that caused his fall; and (2) when it considered the affidavit of Ms. Justice and granted the motion for summary judgment filed by Wal-Mart, as that affidavit was not based on the affiant's own personal knowledge and contradicted her sworn deposition testimony.

**DISCUSSION**

Appellate courts review summary judgments de novo using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. On a motion for summary judgment, the mover bears the burden of proof; however, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense, be negated. Instead, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish the existence of a genuine issue of material fact or

that the mover is not entitled to judgment as a matter of law. La.Code Civ.P. art. 966(D)(1).

To reverse the trial court's decision, this court would have to find on de novo review that the record reveals a genuine issue of material fact which precludes summary judgment as a matter of law. *White v. Louisiana Dep't of Transp. & Dev.*, 18-741 (La.App. 3 Cir. 3/13/19), 269 So.3d 1031, *writ denied*, 19-0572 (La. 5/28/19), 273 So.3d 311. A fact, for summary judgment purposes, "is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (per curiam). An issue, for summary judgment purposes, is genuine if "reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Id.* at 765-66.

Despite the legislative mandate that summary judgment procedure is now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049. *See also Independent Fire Ins. Co. v. Sunbeam Corp.*, 99–2181, 99–2257, p. 17 (La. 2/29/00), 755 So.2d 226, 236 (noting the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion").

A genuine issue is a triable issue. *Brown v. Amar Oil Co.*, 11-1631 (La.App. 1 Cir. 11/8/12), 110 So.3d 1089. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of substantive law applicable to the case. *Hall v. Our Lady of the Lake R.M.C.*, 06-1425 (La.App. 1 Cir. 6/20/07), 968 So.2d 179. Thus, to determine

4

whether the trial court's grant of summary judgment was proper, this court must look to the applicable substantive law.

In Louisiana, "every act . . . of man that causes damage to another obliges him by whose fault it happened to repair it." La.Civ.Code art. 2315(A). Under Louisiana's "standard negligence analysis"—the "duty-risk analysis"—a plaintiff must prove five elements: first, that the defendant had a duty to conform his conduct to a specific standard (duty); second, that the defendant's conduct failed to conform to the appropriate standard (breach); third, that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (cause in fact); fourth, that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (legal cause); and fifth, that the plaintiff suffered actual damages (damages). *Lemann v. Essen Lane Daiquiris, Inc.,* 05-1095 (La. 3/10/06), 923 So.2d 627.

However, for "merchants" like Wal–Mart, La.R.S. 9:2800.6 alters this analysis. *See Thompson v. Winn–Dixie Montgomery, Inc.*, 15-577 (La. 10/14/15), 181 So.3d 656. Merchants "owe[ ] a duty . . . to exercise reasonable care to keep [their] aisles, passageways, and floors in a reasonably safe condition," which "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La.R.S. 9:2800.6(A). When someone sues a merchant for damages "as a result of an injury . . . or loss sustained because of a fall due to a condition existing in or on [the] premise," the plaintiff must prove "in addition to all other elements of [the] cause of action":

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;]

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[; and]

(3) The merchant failed to exercise reasonable care.

5

La.R.S. 9:2800.6(B); *see also Thompson*, 181 So.3d at 662. The failure to prove any of the requirements of La.R.S. 9:2800.6(B) is fatal to the claimant's cause of action. *White v. Wal-Mart Stores, Inc.,* 97-393 (La. 9/9/97), 699 So.2d 1081.

To prove that a merchant had "constructive notice" of a condition[1] before the injury-causing occurrence, the plaintiff must "prove[ ] that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La.R.S. 9:2800.6(C)(1). In other words, the plaintiff "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White*, 699 So.2d at 1082. "Though there is no bright line time period . . . [a] claimant who simply shows that the condition existed" without also showing "that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Id*. at 1084. According to the supreme court, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *Id*. "Because it is the claimant's burden to prove [the spill's] existence for some period of time, the absence of evidence . . . is fatal to the claimant's cause of action." *Id.* at 1086.

In *White,* 699 So.2d 1081*, Kennedy v.Wal-Mart Stores, Inc.,* 98-1939 (La. 4/13/99), 733 So.2d 1188*,* and *Babin v. Winn-Dixie Louisiana, Inc.*, 00-078 (La. 5/30/00), 764 So.2d 37, the supreme court addressed the "temporal" element of the statute, which requires that the plaintiff show that the condition existed for "some period of time." These Courts held that the plaintiffs could not meet their burden of proof because they presented no evidence at all of this critical temporal element. *See*

---

[1] Mr. Fountain advanced no argument that Wal-Mart created the condition that caused the damage. For a recent case that addresses such an argument *see Lewis v. Wal-Mart Stores, Inc.*, 53,207 (La.App. 2 Cir. 1/15/20), ___So.3d ___.

6

*White*, 699 So.2d at 1086 ("Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time."); *Babin*, 764 So.2d at 40 ("Despite his speculation that the condition may have existed for some period prior to his fall, plaintiff is clearly unable to make a positive showing."); *Kennedy*, 733 So.2d at 1191 ("[P]laintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident."). These courts, therefore, did not reach the second issue outlined in La.R.S. 9:2800.6(C)(1) of whether the condition "would have been discovered if the merchant had exercised reasonable care." According to the supreme court in *White*, "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question." *White*, 699 So.2d at 1084.

Proof of the temporal element of La.R.S. 9:2800.6 may be made by both direct and circumstantial evidence. *Birdsong v. Hirsch Meml. Coliseum*, 39,101 (La.App. 2 Cir. 12/15/04), 889 So.2d 1232; *Lewis v. Jazz Casino Co., L.L.C.*, 17-0935 (La. App. 4 Cir. 4/26/18), 245 So.3d 68, 74–75, *writ denied*, 28-0757 (La. 9/21/18), 252 So.3d 877. Thus, "[a] plaintiff is not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall." *Beggs v. Harrah's New Orleans Casino*, 14-0725, p. 10 (La.App. 4 Cir. 1/21/15), 158 So.3d 917, 923; s*ee also Davis v. Cheema, Inc.*, 14-1316 (La.App. 4 Cir. 5/22/15), 171 So.3d 984. Circumstantial evidence is "evidence of one fact, or of a set of facts, from which the existence of the fact to be determined may reasonably be inferred." *Smith v. Toys "R" Us, Inc.*, 98-2085, p. 7 (La. 11/30/99), 754 So.2d 209, 213.

Mr. Fountain makes a threefold argument as to there being a genuine issue of material fact relative to Wal-Mart's knowledge of the presence of the water. Initially, he contends a Wal-Mart employee told him the water on the floor where he

slipped came from a lady who came in and shook a broken umbrella in the store; this Mr. Fountain contends shows Wal-Mart's knowledge of the water prior to his fall. Initially, we note that Mr. Fountain's self-serving depositional testimony and his reliance on a hearsay statement from an unidentified Wal-Mart worker is insufficient to establish Wal-Mart's constructive notice. *Brown v. Jazz Casino Co., LLC,* 18-913 (La.App. 4 Cir. 5/1/19), ___ So.3d ___. Moreover, "[m]ere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact." *Sears v. Home Depot, USA, Inc.*, 06-201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168. Even if contained in a deposition, such inferences, allegations and speculation are insufficient to satisfy the opponent's burden of proof. *Richard v. Liberty Mut. Ins. Co.*, 13-26 (La.App. 3 Cir. 10/9/13), 123 So.3d 345. Thus, Mr. Fountain's argument in this regard lacks merit.

Next, Mr. Fountain argues that Ms. Melvin's approximation of the large area dotted with water, six to eight feet in one direction and eight to ten feet in the other, indicates that Wal-Mart knew or should have known of the water on the floor before the accident. Evidence that the hazard was there at the time of the fall is insufficient to carry a plaintiff's burden of proof. *Bassett v. Toys "R" Us Delaware, Inc.*, 36,434 (La.App. 2 Cir. 12/30/02), 836 So.2d 465. Furthermore, the store is under no obligation to step up and explain; rather, an additional time period must be shown by the plaintiff. *Id.* As observed in *Kennedy*, 733 So.2d at 1191, it is incumbent upon the plaintiff to put forth "evidence as to the length of time the puddle was on the floor before his accident." Mr. Fountain's sole observation of the puddle that caused his fall was that it contained the skid mark of his foot as it slipped through it; there was no evidence of water discoloration or the presence of buggy tracks through

8

the puddle from which the temporal requirement might be established. Thus, in light of the jurisprudence, Mr. Fountain's argument lacks merit.

Lastly, Mr. Fountain contends that video surveillance of the area where the accident occurred revealed that numerous people came into the store from the rain and that they could have tracked the water into the store during the forty minutes to an hour prior to the accident. His argument continues that despite that, no Wal-Mart employee addressed the water condition as required by the store's own policies and procedures. Accordingly, he argues that Wal-Mart's knowledge of the rain and shoppers entering the building established the temporal element needed to establish constructive knowledge.

In support of his contention, Mr. Fountain relies primarily on four appellate court cases, all involving rain: *Ward v. ITT Specialty Risk Services, Inc.*, 31,990 (La.App. 2 Cir. 6/16/99), 739 So.2d 251, *writ denied*, 99-2690 (La. 11/24/99), 750 So.2d 987; *Barton v. Wal-Mart Stores, Inc.*, 97-801 (La.App. 3 Cir. 12/10/97), 704 So.2d 361; *Oalmann v. K-Mart Corp.,* 630 So.2d 911 (La.App. 4 Cir. 1993), *writ denied,* 94-244 (La. 3/18/94), 634 So.2d 859; and *Laborde v. Winn Dixie Louisiana, Inc.*, 563 So.2d 994 (La.App. 4 Cir.), *writ denied*, 568 So.2d 1062 (La.1990).

From the outset, we find *Ward,* 739 So.2d 251, is distinguishable. Although store policies and procedure for rainy days were an essential part of that case, those issues addressed whether the plaintiff carried her burden of proving that the defendant failed to exercise reasonable care. As noted in the appellate court decision, it was "undisputed that the defendant had actual notice of the condition that caused the damage, prior to the occurrence" as "shown by the manager's admission that he saw the water at the front of the store and called for a mop to clean it up just prior to the accident." *Id.* at 255. Similarly, in *Barton*, 704 So.2d 361, and *Laborde,* 563 So.2d 994, although constructive notice was discussed in passing, the

9

crucial issue of these two cases was whether the plaintiff's injuries were caused by an unreasonably dangerous condition in the store. Thus, they, too, are distinguishable.

Mr. Fountain's reliance on *Oalmann*, 630 So.2d 911, requires analysis and exposition. In *Oalmann*, the fourth circuit affirmed judgment in favor of an injured plaintiff who slipped and fell, claiming the merchant had constructive notice of a puddle of rainwater on the store's entrance floor. In *Oalmann*, 630 So.2d at 913, the Fourth Circuit, addressing whether the "merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[,]" stated:

> Mrs. Oalmann testified that it had been raining on the day of her fall. K–Mart does not controvert this fact.... Thus, K–Mart did have knowledge of the weather conditions on the day of the accident. Consequently, K–Mart should have known that the rain would cause the floor where the accident occurred to become wet and slippery. The evidence does not clearly establish precisely how long the floor was wet prior to Mrs. Oalmann's fall. Considering the volume of business conducted at a large retail store such as the K–Mart in Meraux and the constant influx of customers, it is foreseeable that the floor near an entrance would become wet, and thus slippery, in a relatively short period of time. It is the opinion of the Court that the accumulation of water at the entrance existed for such a time that K–Mart should have discovered the danger. Given the totality of the circumstances, the Court finds that K–Mart had the requisite constructive notice of the wet floor which caused the fall.

When the Louisiana Supreme Court decided *White*, 690 So.2d 1081,[2] it expressly stated that it was not an impossible burden to require "the claimant prove

---

[2] In *White,* the Louisiana Supreme Court overruled *Welch v. Winn-Dixie Louisiana, Inc.*, 94-2331 (La. 5/22/95), 655 So.2d 309. *Welch* was summarized in *White*, 699 So.2d at 1084, as follows:

> In *Welch,* this Court concluded that a claimant had carried her burden of proving constructive notice by showing the absence of "written inspection procedures," the lack of "written documentation of the performance of inspections," and the lack of "company directives on a consistent inspection policy," and because the fact-finder could have disbelieved the defendant's positive evidence of the lack of a spill some minutes before the fall.

It then stated:

the condition existed for some time period prior to the fall." *Id.*I at 1084. In particular, it referred to *Oalmann* in a footnote as an "example . . . where the claimant did carry the burden of showing actual or constructive notice." *See Id.* at 1085, n. 4.

However, in *Kennedy*, 733 So.2d 1188, without any discussion of *Oalmann,* the supreme court reversed a judgment in which the trial and appellate courts determined that Wal-Mart had constructive notice. In making that determination, the *Kennedy* court referenced the trial court's reasons for judgment which stated:

> In the case at bar this plaintiff has proved constructive, if not actual, notice on the part of the defendant. When Mr. Kennedy got up from the floor his clothing was wet thus indicating more than a small spot of dampness. It was also raining that day. Since the customer service manager and the cashier were within a few feet of where Mr. Kennedy fell and it was raining that day, they knew or should have known that wet footed customers were likely to create a hazard. They certainly were in a better position to know than Mr. Kennedy, and they clearly had a good close-up look at the area where he fell before he arrived there.... [T]he court accepts the facts as testified to by the plaintiff's witnesses and finds that the plaintiff has made a prima facie case of constructive notice.

*Id.* at 1190, n. 1. The *Kennedy* court rejected the trial and appellate courts' reasoning and then concluded, stating "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition." *Id.* at 1191.

Although at first blush it would appear that the intermediate court's decision in *Oalmann* is factually analogous and supportive of Mr. Fountain's argument, it is

---

Because La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden, and because in order to prove constructive notice the statute clearly and unambiguously requires that the claimant prove that the damage causing condition existed for some period of time prior to the occurrence, we overrule *Welch,* 655 So.2d 309, which allowed for a finding of constructive notice absent a showing that the condition existed for some period of time prior to the occurrence and which provided for a shifting of the burden to the defendant merchant to prove it exercised reasonable care.

*White*, 699 So.2d at 1085.

evident that *Kennedy*, a case whose facts closely parallel those of *Oalmann*, contradicts *White*'s earlier footnoted reference to *Oalmann* as an example of a plaintiff who carried the burden of showing actual or constructive notice. Clearly, under *Kennedy*, any evidence that it was raining, that an area in which a fall occurred was visible to store personnel, and/or that Wal-Mart should have foreseen the hazard created by rain puddles at or near the entrance of this high volume store because it knew it was raining, is insufficient to support a finding that it had constructive notice. *See Kennedy*, 733 So.2d 1188; *Alexander v. Wal-Mart Stores, Inc.*, 96-1598 (La.App. 3 Cir. 2/4/98), 707 So.2d 1292, *writ denied*, 98-572 (La. 4/24/98), 717 So.2d 1169 (employee "greeter" standing in entryway in rainy weather and intermittently dry-mopping are insufficient to infer actual or, absent time evidence, constructive notice of dangerous condition). Similarly, even the lack of a specific plan to warn customers of a wet floor is irrelevant when the plaintiff fails to produce evidence that defendant had any notice of the liquid's presence on the floor prior to the fall. *Boeshans v. Petsmart, Inc.*, 06-606 (La.App. 5 Cir. 1/16/07), 951 So.2d 414. Simply stated, for reasons addressed in *Kennedy*, our de novo review of the record reveals Mr. Fountain failed to present evidence as to the length of time the puddle was on the floor prior to the accident. Therefore, he did not carry his burden of proving that Wal-Mart had constructive knowledge of the condition.

For the foregoing reasons, we find the trial court properly granted summary judgment in favor of the defendant, Wal-Mart, dismissing the suit of Mr. Fountain with prejudice. Costs of this appeal are assessed to Mr. Fountain.

**AFFIRMED.**