JOHN A. DIXON, Jr., Judge Pro Tern.
On the afternoon of March 24,1990 Lillian Henderson went to a Winn Dixie grocery store on Tchoupitoulas Street in New Orleans to shop for groceries. Before she finished shopping she proceeded to the front of the store to ask the manager where certain items were located. Leaving her grocery cart in front of the check-out aisles, Henderson proceeded through an unmanned aisle to speak to the manager. As she returned to her cart, proceeding back through an unmanned check-out aisle, she fell. She claims to have injured her face, arm, back, lower back and knee in this fall. She further claims that she slipped in a puddle of liquid which smelled like ammonia and that she was soaking wet after the fall such that she could wring liquid out of her clothing.
Winn Dixie personnel helped Henderson up and had her sit down to fill out a report. Soon thereafter, Henderson paid for her groceries, left the store and drove home.
Henderson sued Winn Dixie of Louisiana, Inc. for personal injuries. After trial, the trial judge ruled in favor of Winn Dixie, dismissing Henderson’s case with prejudice. Liability is at issue in Henderson’s appeal.[1]
La.R.S. 9:2800.6 (applicable to all cases tried after July 18, 1988 and all causes of action arising before September 1,1990) provides for the liability of a merchant for injuries received on the premises:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he *10 acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous condition.
C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
D. ‘Merchant’ means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
Under Section B a plaintiff must establish the accident was caused by a hazardous condition on the premises. Laborde v. Winn Dixie Louisiana, Inc. 563 So.2d 994 (La.App. 4th Cir.1990). Once established, the burden shifts to the merchant to prove he acted in a “reasonably prudent manner” to keep the premises free of hazardous conditions. Id.
In this case the trial judge found that Henderson had not met her threshold burden of proving that the accident was caused by a hazardous condition. The judge’s finding was based in large part on her determination that Henderson’s credibility was seriously questioned. The record supports the trial judge’s finding.
Jonathan McTyre, customer service manager at the store on the day Henderson fell testified that at the time of the accident the main aisle was being mopped. He explained that Winn Dixie has two service clerks who mop the floors of the store all day, and as one clerk wet mops, using plain water, the other person follows right behind with a dry mop to pick up any water. A caution cone— an approximately four foot yellow item—is placed at the beginning of the area to be mopped and another cone is placed approximately ten feet away. As the clerks catch up with the cone it is then moved another ten feet. The manager also testified that each cone and the bucket used for mopping are marked “Wet Floor—Caution”. According to McTyre, the cones and the bucket were in the vicinity of where Henderson fell.
The manager testified that although the floor was being mopped, he did not see anything on the floor where Henderson fell, nor did he see water on her clothes.
Henderson testified that she saw no evidence of cleaning or mopping in the store, except that she had seen a bucket in the produce area after she entered the store. She denies seeing any cones or other warning signs. She did state that after slipping in a “big amount of water” such that she was “soaking wet to the skin” and “had to wring [her] dress out,” she was greatly disturbed to see a young man with a mop and bucket begin to mop while she was still on the floor.
Given this testimony, the trial judge made a reasonable determination to believe the store manager and not believe Henderson. Moreover, Henderson’s trial testimony was inconsistent with her previous deposition testimony, particularly with regard to her prior accidents and prior medical history. Her explanations of inconsistencies were unconvincing.
Furthermore, Henderson claimed to have missed 21 days of work over several months due to pain caused by this accident. Records from the Orleans Parish School system, her employer, showed that Henderson had missed only three days of work due to sickness in the year after her accident. She did, however, miss a substantial number of days because of a teacher’s strike that year.
And, despite Henderson’s complaints of disabling pain, continuing to the time of trial and making her life miserable, the doctors who examined her found no abnormalities in any testing they did. The orthopedist she saw three times, Dr. Juneau, considering only her complaints, felt she had a lumbosa-cral sprain when he first saw her a few days after her fall. He treated her with anti-inflammation medicine.
When findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands great deference to the trier of *11 fact’s findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Bosell v. Esco, 549 So.2d 840 (La.1989).
In this case, Henderson’s testimony was contradicted by documents, other witnesses and her own deposition testimony. The trial judge’s decision to believe the store manager instead of Henderson, finding that she had failed to meet her burden of proof, is not clearly wrong.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Henderson claims that the trial court ignored the stipulations entered into before trial, ruling only on issues already resolved by the stipulations.
The pertinent stipulations entered into by counsel were:
1)an accident involving Lillian Henderson occurred on Saturday, March 24, 1990, at the Winn Dixie store on Tchoupitoulas Street;
2) Henderson sustained a fall while walking through an unmanned check-out aisle, meaning no cashier was present there;
3) the floor was in the process of being mopped;
4) Winn Dixie was immediately notified of the accident.
The parties did not stipulate as to causation, which was the issue decided by the judge against Henderson.